# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY PEEPLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-185-JMB |
| | ) | |
| FRANCIS SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Gregory Peeples for leave to commence this action without payment of the required filing fee. The motion will be granted and plaintiff will be assessed an initial partial filing fee of $14.48, which is twenty percent of plaintiff's average six-month deposit. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is

malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Francis Slay (Mayor of St. Louis City), Richard Gray (Director of Public Safety), Dale Glass, ("Overseer of Superintendent"), Jeffrey Carson, ("Overseer"), and Corizon Health, Inc. ("Corizon"). Plaintiff complains that Corizon charged him for "initial screening" at SLCJC, "which the Justice Center Rule Book establishes, there is no charge." In addition, plaintiff claims that, in breach of his contract with Corizon, money was taken from his account. He further summarily alleges that Corizon "did not have a dentist to provide for [his] dental needs."

**Discussion**

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)

(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the alleged constitutional violations, the complaint fails to state a claim or cause of action under § 1983 as to defendants in their official capacities.

As additional grounds for dismissing this action, the Court finds that plaintiff's allegations do not rise to the level of a constitutional violation and are legally frivolous. Plaintiff does not claim that defendants conditioned the provision of needed medical services on his ability or willingness to pay. A wrongful charge, by itself, is not the basis for a § 1983 claim. *See Hudson v. Palmer*, 468 U.S. 517, 530-37 (1984); *Goldman v. Forbus*, 17 Fed.Appx.487, 2001 WL 838997 (8th Cir. 2001); *Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3d Cir. 1997). Moreover, plaintiff's allegation that, in billing him for medical charges, defendants failed to

follow Missouri state rules and procedures and/or prison rules does not amount to a § 1983 claim. *See Williams v. Hopkins*, 130 F.3d 333, 337 (8th Cir. 1997) (alleged violation of state law does not by itself state claim redressable by § 1983 action). Under these circumstances, and given that plaintiff does not claim he is without an adequate post-deprivation remedy,[1] his claims are legally frivolous.

In addition, the Court notes that plaintiff has failed to assert any specific, non-conclusory allegations against any of the named defendants, other than Corizon. This is impermissible. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

---

[1]The due process clause may be implicated when a prisoner suffers a loss of property. If the taking of property by prison officials is intentional, however, and the state provides an adequate post-deprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). Plaintiff does not allege that he does not have an adequate post-deprivation remedy. Furthermore, regardless of the existence of a state post-deprivation remedy, no due process claim exists if the loss of property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Last, and to the extent that plaintiff is attempting to assert an Eighth Amendment failure-to-treat claim, the Court finds that his allegations do not rise to the level of constitutional violations and are mere conclusory statements that will not be given an assumption of truth. *See Iqbal*, 129 S. Ct. at 1950-51. To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006). Plaintiff's claims fail to state an Eighth Amendment deliberate indifference or medical-mistreatment claim.

For these reasons, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action, pursuant to §1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $14.48 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to order service of process [Doc. #4] and motion for appointment of counsel [Doc. #6] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of April, 2016.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**